UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FORD MOTOR CREDIT COMPANY,
LLC,

        Plaintiff,

vs.                                  Case No. 8:09-CV-2124-T-23MAP

EDWARD G. DELOSH, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

On December 30, 2009, District Judge Steven D. Merryday granted Plaintiff Ford Credit's motion for default judgment in the amount of $413,507.53 and directed Ford Motor to file a motion for attorneys' fees and costs. *See* Order, doc. 23. At this juncture, Ford Motor's amended motion for attorneys' fees and costs (doc. 30) is before the Court.[1] Upon review, I recommend the motion be GRANTED to the extent that attorneys' fees in the amount of $17,156.98 and costs in the amount of $460.00 be awarded.[2]

---

[1] This action stems from the parties' entry into a wholesale financing and security agreement ("Wholesale Agreement") on or about April 11, 2005. Pursuant to the Wholesale Agreement, Ford Credit provided financing (known as "advances") to DeLosh Enterprises from time to time as vehicles were ordered from the manufacturer. The Wholesale Agreement required DeLosh Enterprises to pay to Ford Credit the balance of any advance plus interest and flat charges with respect to any financed vehicles at or before the date on which each vehicle was sold. The Complaint alleged that DeLosh Enterprises defaulted on its obligations to Ford credit under the Wholesale Agreement and that Edward DeLosh and Joan DeLoah are obliged to pay DeLosh Enterprises' indebtedness to Ford Credit pursuant to the Continuing Guaranty and Wholesale Financing Guaranty provisions of the Wholesale Agreement.

[2] Plaintiff seeks $17,629.46 ($17,156.98 in attorneys' fees and $460.00 in costs), but for the reasons set forth in this report, I recommend $12.48 be excluded from the recoverable costs.

The Continuing Guaranty and the Wholesale Financing Guaranty entered into by the parties to this action both provide that Defendants Edward DeLosh and Joan DeLosh would be responsible for "a reasonable attorney's fee (15% of the amount then owing by the Dealer, if permitted) if this instrument is referred to an attorney for collection." *See* docs. 1-3, 1-4. Although these provisions entitle Ford Credit to a *reasonable* attorneys' fees up to 15% of the amount owing, Ford Credit now seeks an amount less than that: $12,651.98 in attorneys' fees incurred by Phillips Lytle LLP attorneys, $22.48 in disbursements incurred by Phillips Lytle attorneys, $4,505.00 in attorneys' fees incurred by Solomon, Ginsberg & Vigh, P.A. attorneys, $430.00 in disbursements incurred by Solomon, Ginsberg & Vigh, P.A. attorneys, and $20.00 in docket fees pursuant to 28 U.S.C. §1923.[3] Ford Credit provided two attorney affidavits in support of the motion setting forth itemized descriptions of the attorneys' hourly rate(s), hours worked, descriptions of the attorney(s)' work performed, and an itemization of the disbursements.

The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292-1303 (11th Cir. 1988). Although the "lodestar" method effectively replaced the *Johnson* balancing test previously employed in the Eleventh Circuit, courts still consider the twelve factors leftover from the balancing test in determining the lodestar amount. *See James v. Wash Depot Holdings, Inc.,* 489 F.Supp2d 1341 (S.D. Fla. 2007) citing

---

[3] Since the Defendants have not timely responded to the Plaintiff's motion as required by Local Rule 3.01(b), the Court concludes that the Defendants have no objection to the relief requested.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[4] The *Johnson* factors are: time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation, and ability of the attorney, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Johnson*, 488 F.2d at 717-719. The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Norman,* at 1303.

The first step in the computation of the lodestar is determining the reasonable hourly rate. Attorney Joanna Dickinson of the Phillips Lytle LLP law firm in New York attests that her firm's fourly rate for Ford Credit is $265.00 per hour for attorneys and $145.00 for paralegals. At its full hourly rate, Phillips Lytle would have earned $13,.311.00 ($13,064.50 for attorney work and $246.50 for paralegal work), but the firm extended a discount to Ford Credit and billed only $13,651.98 (an hourly attorney rate of $256.63 and complimentary paralegal work) instead. *See* Dickinson Affidavit*,* doc. 30-1. Eliot Ginsberg of the law firm Solomon, Ginsberg, and Vigh, P.A. attests that Mazaheri attests in his affidavit that he spent 17.0 hours at a rate of $265.00. *See* Ginsberg Affidavit, doc. 30-2. The fee petitioner has presented an affidavit of Scott Rosin, a local attorney

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

not associated with the case who is familiar with the prevailing market rates in the area. *See Norman,* 836 F.2d at 1299 (satisfactory evidence of prevailing hourly rates at a minimum is more that the affidavit of the attorney performing the work). Rosin attests that he reviewed the Court docket and documents Plaintiff's counsel produced for this case, and considered the *Johnson* factors, and opines that the hourly rates and hours expended in this action by Solomon, Ginsberg and Vigh, P.A. and Phillips Lytle LLP are reasonable. *See* Rosin Affidavit, doc. 30-3. This Court is also responsible for using its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. After considering the Tampa market and the fees usually awarded in this district for like work, I find that $265.00 is a reasonable hourly rate for the attorneys in this action. With regard to the hours worked, although the attorneys did not submit time sheets, both Dickinson and Ginsberg provided detailed summaries of their time in their affidavits, and I find the amount of time expended reasonable.

*Costs*

In addition, the amended motion seeks reimbursement for the following "disbursements": database research on guarantors ($11.96), filing fee for attorney Dickinson's *pro hac vice* admission ($10.00), copy charges ($.28), PACER printing fees ($0.24), filing fee ($350.00), service of process on Edward DeLosh ($40.00), service of process on Joan DeLosh ($40.00), and docket fees ($20.00). While an award of costs to a prevailing party is usual, the inclusion of various items within that award is within the discretion of the trial judge. *Hodge v. Seiler*, 558 F.2d 284 (5th Cir. 1977).[5] Fed. R. Civ. P. 54(d) provides that costs shall be awarded as a matter of course to the prevailing

---

[5] The Eleventh Circuit in an en banc decision, *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

party as enumerated in 28 U.S.C. §1920. *Desisto College, Inc. v. Howey-in-the-Hills*, 718 F.Supp 906 (M.D. Fla. 1989), *aff'd mem.,* 914 F.2d 267 (11th Cir. 1990). Section 1920 allows taxation of the following costs: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under 28 U.S.C. § 1828.

Accordingly, I find that reimbursement for the filing fee ($350.00), service of process on Edward DeLosh ($40.00), service of process on Joan DeLosh ($40.00), filing fee for attorney Dickinson's *pro hac vice* admission ($10.00), and docket fees ($20.00) appropriate. However, reimbursement for database research on guarantors ($11.96), copy charges ($.28), PACER printing fees ($0.24) inappropriate as the Plaintiff has not provided adequate descriptions showing necessity. *See Desisto*, 718 F. Supp. at 913-14 (denying costs for photocopying where defendant failed to itemize the copies made for use in case and those made for convenience of counsel).

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's amended motion for attorneys' fees, costs, and disbursements (doc. 30) be GRANTED to the extent that attorneys' fees in the amount of $17,156.98 and costs in the amount of $460.00 be awarded.

IT IS SO REPORTED in chambers on April 16, 2010.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).